UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY E. MARION,

                Plaintiff,                      Case No.:

-vs.-                                                   **COMPLAINT**

REVCO SOLUTIONS, INC.,                    **JURY TRIAL DEMANDED**

                Defendant.
_____

## NATURE OF ACTION

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., for the benefit of an individual who has been the subject of debt collection efforts by Revco Solutions, Inc. ("Defendant").

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. And over one-third of those complaints received by the CFPB involved debt collectors' attempts to collect debts that consumers did not owe.[2]

5. To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights. 15 U.S.C. § 1692g(a).

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act— CFPB Annual Report 2016* at 16-17 (2016), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2016/.

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." Id., § 1692g(a).

7. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000).

8. Critically, to allow a consumer to properly determine whether a debt is actually owed and how to subsequently resolve the debt, a debt collector must state "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

## PARTIES

9. Plaintiff, Jeffrey E. Marion, is a natural person who is a resident of the Town of Amherst, County of Erie, State of New York.

10. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a bill for inpatient hospital care (the "Debt").

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is a Delaware Corporation with offices located at 2700 Meridian Parkway, Suite 200, Durham, North Carolina, that has an agent for the service of process in the State of Delaware. Defendant has offices for the transaction of business in Columbus, Ohio, and is authorized to do business in the State of New York, City of Buffalo as a collection agency, license number 191432.

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

18. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district, and as Plaintiff resides in this district and division.

## FACTS

20. On or about the 16th day of July 2020, Defendant sent a communication to Plaintiff via the United States Postal Service. The communication alleged a debt owed by Plaintiff. A Copy of the communication is annexed hereto and made a part hereof (**See Exhibit "A"**). The communication did not contain validation of the debt.

21. On or about the 10th day of August, 2020, Defendant a telephone call to Plaintiff's home that was answered by his wife, Kelly Marion. Defendant identified itself as an asset recovery firm attempting to collect a debt, and notified Ms. Marion of the debt Plaintiff owed and discussed the debt with her, all in violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692c (b).

22. On or about the 10th day of August, Plaintiff contacted Defendant, and spoke with an agent. At that time, Plaintiff disputed the debt, and requested validation of the debt as well as a copy of the Fair Debt Collection Practices Act. Plaintiff also advised Defendant that he is an attorney, and not to call his home, but to call his office.

23. To date, Plaintiff has not received the requested validation of the

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g (a)

24. Plaintiff restates and realleges each and every factual allegation contained in Paragraphs 1-22 as if fully enumerated herein.

25. The FDCPA at 15 U.S.C. § 1692g(a) provides, in pertinent part:
    (a) Notice of debt; contents Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. Therefore, Defendant violated 15 U.S.C. § 1692g(a) in that it failed to:
    a. Specify the name of the creditor to whom the debt is owed
    b. Provide Plaintiff with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    c. Provide Plaintiff with a statement that, if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt, and mail same to Plaintiff;
    d. Provide Plaintiff with a statement that, upon his written request, within the thirty-day period, the debt collector will provide Plaintiff with the name and address of the original creditor, if different from the current creditor.

27. The harm suffered by Plaintiff is particularized in that the violative July 16, 2020 communication was sent to him personally, regarded his personal obligation, and failed to give him statutorily-mandated disclosures to which he was entitled.

28. "Section 1692g furthers th[e] purpose [of protecting debtors from abusive debt collection activity] by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it." *Papetti v. Does* 1-25, 691 F. App'x 24, 26 (2d Cir. 2017).

29. And the content of the July 16, 2020 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140-cv, 2017 WL 4005008, at *2 (2d Cir. Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

30. Specifically, the July 16, 2020 communication contains no proof that the debt is otherwise valid.

31. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Haddad v. Midland Funding*, LLC, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692c (b)

32. Plaintiff restates and realleges each and every factual allegation contained in Paragraphs 1-31 as if fully enumerated herein.

33. The FDCPA at 1592c (b) provides, in pertinent part:
without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of the debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

34. On or about the 10th day of August, 2020, Defendant disclosed that it was a debt collector collecting a debt alleged to be due and owing to Plaintiff to Kelly Marion, Plaintiff's spouse.

35. Plaintiff did not give express permission for Defendant to communicate with Plaintiff's wife. Ms. Marion is not the debtor, the debtor's attorney, a consumer reporting agency, the creditor, the attorney of the creditor or the attorney of the debt collector.

36. The communication with Ms. Marion does not fall within an exemption as enumerated in 15 U.S.C. §1692c.

37. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Haddad v. Midland Funding*, LLC, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

### COUNT III: VIOLATION OF NEW YORK STATE LAW

38. Plaintiff restates and realleges each and every factual allegation contained in Paragraphs 1-37 as if fully enumerated herein.

39. New York General Business Law §601-A states:
> No principal creditors and/or debt collection agency shall make any representation that a person is required to pay the debt of a family member in a way that contravenes with the Fair Debt Collection Practices Act (15 USC §1692 et seq).

>In addition, the principal creditors and/or debt collection agencies shall not make any misrepresentation about the family member's obligation to pay such debts.

40. As outlined above, Defendants failure to provide validation of the debt with its communication with Plaintiff.

41. Defendant illegally communicated with the Plaintiff's spouse and disclosed the existence of the debt without authorization to do so.

42. Defendant violated multiple provisions of the Fair Debt Collection Practices Act as outlined above.

43. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm. *See Haddad v. Midland Funding*, LLC, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

a) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692g(a)(1);
b) Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k;
c) Awarding Plaintiff any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;
d) Awarding Plaintiff his reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;
e) Awarding Plaintiff and members of the class any pre-judgment and post- judgment interest as may be allowed under the law; and
f) Awarding other and further relief as the Court may deem just and proper.

Dated: September 24, 2020
Williamsville, NY

Yours, etc.

**/s/ Jeffrey E. Marion, Esq.**
Plaintiff *pro se*
Office and Post Office Address
6024 Main St.
Williamsville, NY 14221
(716)-481-7309
hibsgaffer@jeffmarionlaw.com